IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JANIS LOWE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:05-CV-38 |
| | § | |
| ELTAN, B.V., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER PARTIALLY ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On March 2, 2015, Judge Giblin issued a report and recommendation on the plaintiffs' pending motions to dismiss. Judge Giblin recommended that the Court grant the motion in part and deny it in part. He further recommended that summary judgment be granted in the plaintiffs' favor on their Lanham Act and RICO claims; denied on the common law claims; and deferred a finding on damages until further evidence could be adduced. *See Report and Recommendation* [Doc. #297].

After Judge Giblin issued his report, on March 19, 2015, counsel appeared on behalf of the formerly *pro se* defendant, John Gary Newton, and filed objections to the report [Doc. #300]. The objections specifically argue against the magistrate judge's recommendation that the Court grant summary judgment against Newton on the substantive RICO claim under 18 U.S.C. § 1962(a). This is the only claim against Newton on which Judge Giblin recommended the entry of summary judgment. In support of his objections, Newton attached an affidavit in which he denies any involvement in the alleged investment scheme made the basis of the plaintiffs' RICO cause of action.

Notably, this evidence was not a part of the record before Judge Giblin issued his findings. Newton failed to respond to the plaintiff's motion for summary judgment and the only evidence before the magistrate judge was the evidence presented in the plaintiffs' motion. In fact, Newton has wholly failed to participate in his own defense for years. Only now, on the eve of a possible judgment being entered against him, does he hire counsel and take issue with the Court's findings. Despite Newton's objections regarding Judge Giblin's summary judgment analysis, it is not the Court's responsibility to sift through the record in search of evidence to support the non-movant. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Newton, as the nonmovant, was responsible for responding to the motion for summary judgment by identifying record evidence in his favor or to point to the lack thereof supporting the plaintiffs' case against him.

In any event, the affidavit recently presented with Newton's objections sufficiently creates a genuine issue of material fact regarding his involvement and resulting liability in the alleged RICO scheme. The applicable summary judgment standard dictates this conclusion. *See* FED. R. CIV. P. 56(c). Therefore, after conducting a *de novo* review of the record, the magistrate judge's findings and recommendation, and the applicable law, the Court **ORDERS** that defendant John Gary Newton's objections [Doc. #300] are **SUSTAINED** on the basis of the newly presented evidence. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

The Court accordingly further **ORDERS** that Judge Giblin's Report and Recommendation [Doc. #297] is **ADOPTED** in part, as to all of the magistrate judge's recommendations with the exception of the granting of summary judgment on the RICO claim against John Gary Newton.

The Court therefore further **ORDERS** that the plaintiffs' motion for summary judgment [Doc.#283] is **GRANTED in part and DENIED in part**. The motion is granted on the plaintiffs'

Lanham Act and RICO claims against defendant Anna Cole. Judgment should issue in the plaintiffs' favor on those claims after the Court makes the appropriate findings on damages and attorney fees, as discussed by Judge Giblin in his report. The motion is denied as to all remaining causes of action, including the Lanham Act and RICO claims against John Gary Newton and the state law causes of action for breach of fiduciary duty, civil conspiracy, aiding and abetting, and conversion against all remaining defendants. Those causes of action remain pending for trial. The magistrate judge will issue the necessary orders for further disposition of this case, including a briefing schedule for the remaining damages issues and a scheduling order setting the case for trial at a later date, if necessary.

    **It is SO ORDERED.**

    **SIGNED this 23rd day of March, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE