IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JANIS LOWE, *et al.*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:05-CV-38 |
| | § | |
| ELTAN, B.V., *et al.*, | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART**

The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive motions. On December 12, 2018, Judge Giblin issued a report and recommendation on a number of pending matters, including the plaintiffs' renewed motion for summary judgment and motion for reconsideration. The second motion requests reconsideration of the Court's prior order regarding defendant John Newton's objections to Judge Giblin's earlier recommendation on the entry of summary judgment in the plaintiffs' favor.

In the most recent Report and Recommendation, which is now before the court for consideration, Judge Giblin recommended that the court grant the renewed motion for summary judgment, grant the motion for reconsideration, and award damages in favor of Plaintiffs on their Lanham Act and RICO claims against the remaining defendants, Anna Cole and the estate of John Gary Newton. Judge Giblin's analysis and the complicated history of this case are set out in his detailed report and recommendation [Doc. No. 336].

1

Defendant Anna Cole filed objections to the Report and Recommendation. The Clerk mailed the Report and Recommendation to John Newton's estate's representative, but the mail was returned as unclaimed.[1]

Defendant Anna Cole specifically objects by arguing that she should not be held individually liable for the alleged violations of the Lanham Act because she was acting as an agent for the defendant MCC Computer Company, LLC. *See* Objections [Doc. No. 337]. She states that a question of law remains as to whether the alleged violations of the Lanham Act were committed under the control and direction of MCC. Ms. Cole further asserts that any allegations regarding violations of the Lanham Act (and the related damages) should not fall to her but "should be viewed as having been litigated to a final determination" with regard to the other defendants. *Id.* at p. 6.

Ms. Cole's objections are misplaced because they go to the issue of whether she is liable to Plaintiffs under the Lanham Act and do not address the issue of damages, which is the subject of the present Report and Recommendation. The court considered the entry of summary judgment on the Lanham Act claims more than three years ago. At that time, Ms. Cole had more than four months to respond to the Plaintiffs' Motion for Summary Judgment [Doc. No. 283]. Then, although she was notified of the standard fourteen (14) day time limit to object, Ms. Cole interposed no objection before District Judge Michael H. Schneider (now retired) adopted the Report and Recommendation as to the liability aspects of Plaintiffs' Lanham Act claims against

---

[1] John Gary Newton passed away in October 2015, but his counsel did not inform the Court until August 3, 2017. [Dkt. #321]. Samantha Newton as personal representative and executrix of John Gary Newton's estate has been substituted for Mr. Newton as a Defendant in this case. [Dkt. #326].

Ms. Cole and granted summary judgment against her as to liability on those claims. [Doc. No. 301 at 2-3].

As it pertains to Defendant Anna Cole, the Report and Recommendation now before this court only addressees the imposition of damages against her. Anna Cole's present objections do not specifically address Judge Giblin's findings and conclusions regarding the Plaintiffs' damages as stated in his report. The objections are improper. *See* 28 U.S.C. § 636(b) (objections must be to the specified proposed findings of fact and conclusions of law contained in the magistrate judge's report); *see also Gates Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861, 864 (W.D. Tex. 2016) (citing *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (objections to a report and recommendation. must specifically identify those findings or recommendations that the party wishes to have the district court consider), *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (a district court need not consider "[f]rivolous, conclusive, or general objections."). Because Ms. Cole did not specifically object to Judge Giblin's findings regarding damages as set forth in the report, the Court need only determine whether his recommendation is clearly erroneous or contrary to law. *See Gates Gates*, at 865 (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

The court has reviewed the record, Judge Giblin's Report and Recommendation, and Ms. Cole's objections, all in light of 28 U.S.C. § 636(b) and the Federal Rules of Civil Procedure. The court concludes that Judge Giblin's recommended disposition with regards to damages and the motion for reconsideration is neither clearly erroneous nor contrary to law. The court further finds Defendant Anna Cole's objections to be without merit and agrees with Judge Giblin's recommended disposition on the remaining damages issues.

However, the court modifies Judge Giblin's recommendations concerning an award of attorney's fees. Plaintiffs seek $250,000 for attorney's fees related to the Lanham Act claims and $2,400,000 for the RICO claims. But they fail to provide sufficient evidence to properly calculate the lodestar and fail to properly discuss and apply any appropriate adjustments.

In the Fifth Circuit, a "reasonable attorney's fee" is determined by applying the familiar two-step procedure: (1) determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers to calculate the lodestar; and (2) apply adjustments to the lodestar based on the assessment of multiple factors. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1998). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). That is, the applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.*

Failing to provide contemporaneous billing statements does not preclude an award of fees per se, but the evidence produced must be adequate to determine reasonable hours. *Heasley v. Commissioner*, 967 F.2d 116, 123 (5th Cir. 1992). In a contingent fee case, adequate records of the time reasonably spent by each attorney and legal assistant could substitute for billing records sent to a client. However, the court is not aware of any Fifth Circuit or Supreme Court case that permits a contingency fee agreed to by the party to be the sole, or even the primary, basis for an award of "reasonable attorney's fee" for Lanham Act or RICO claims.[2]

---

2 The citation to *Wallace v. Powell*, 288 F.R.D. 347 (M.D. Pa. 2012), for the contention that "[o]ther courts have approved the requested fee award in RICO cases when counsel undertook the case on a contingency fee basis" is misplaced. [Doc. No. 336]. Although the party in *Wallace*

4

Instead of billing statements or time records, Plaintiffs submitted George O. Mejlaender's Affidavit [Doc. No. 310-3]. Mr. Mejlaender, counsel for Plaintiffs, states in his affidavit that his firm, George O. Mejlaender, P.C. ("GOMPC"), entered into a "sliding scale contingent fee" agreement with Plaintiffs. [Doc. No. 310-3 at 2]. Based on this contingent fee agreement, Mr. Mejlaender opines that "Plaintiffs' attorney's fee should equal forty percent (40%) of all Plaintiffs' damages (actual, trebled and punitive) which are awarded in this case." [Doc. No. 310-3 at 3]. Mr. Mejlaender cites a Texas Supreme Court case as the basis for his opinion, ignoring the fact that this is a case in federal court and that he is supposed to be analyzing fees for claims under two federal statutes.

In his affidavit Mr. Mejlaender does take a quick run at a proper fee analysis. He starts by listing the elements discussed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1998), but seems to use the lodestar adjustment factors merely to justify his opinion that "the reasonable and necessary hourly rate for Plaintiff's bankruptcy attorneys is $250 per hour." [Doc. No. 310 at 4]. He goes on to state that "[b]ased upon invoices reviewed by me, those attorneys expended over 320 hour representing Plaintiffs in the bankruptcy case and appeals thereof." [Doc. No. 310-3 at 4]. The invoices he reviewed are not attached. There is no way to determine the qualifications or experience of the attorneys or of the legal assistants or to determine whether work was duplicated or performed by an attorney when it should properly have been

---

had a contingent fee agreement, the *Wallace* Court did not rely solely on the agreement to determine attorneys' fees. The *Wallace* Court applied the percentage-of-recovery method, which includes analyzing the risk of nonpayment factor (higher for contingent fee cases) and the negotiated fee in a contingent fee arrangement factor, and cross-checked its determination against the lodestar method. *Id*. at 373-76.

performed by an assistant. There is no indication of any attempt at a review for an appropriate billing adjustment.

Mr. Mejlaender also asserts that his own firm "GOMPC has expended over 360 hours in attorney's time legal [sic] and 250 hours for legal assistant work." Again, no records are provided to support this claim. There is no basis to evaluate the qualifications or experience of those individuals or to make even a rough assessment of the work performed. There is no hint of any review and adjustment of the time records, if any such records even exist. And, if the court concluded that fees should be awarded on only the Lanham Act claim or on the RICO claim there would be no basis to determine how much time was spent by which attorney and legal assistant on that claim and which billing rates should apply to those individuals.[3]

The expert opinion on attorney's fees offered by Plaintiffs is based on unsupported time estimates and billing rates rather than sufficient facts or data, namely time or billing records an information about the qualifications and experience of each attorney and assistant that would justify their claimed rates. While the appropriate reliable principles and methods are mentioned in the affidavit, there is no explanation as to how they are reliably applied to the facts of the case. All that is provided is an *ipse dixit* conclusion. Such an opinion is not admissible and is not a basis for this court to award attorney's fees. *See* Fed. R. Evid. 702.

---

3 In a RICO case a party injured by a violation of 18 U.S.C. § 1962 may recover a "reasonable attorney's fee." 18 U.S.C. § 1964(c). But work on the RICO claim does not justify fees for work on the Lanham Act claim unless the work is so closely intertwined that it is impossible to differentiate. *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 527 n.10 (5th Cir. 2002) (collecting cases from various circuits that hold 15 U.S.C. § 1117(a) only permits the recovery of attorneys' fees for Lanham Act claims).

The Court therefore **ORDERS** that the Report and Recommendation on Damages and Entry of Judgment [Doc. No. 336] is **ADOPTED IN PART**. The Plaintiffs' renewed motion for summary judgment [Doc. No. 334] regarding damages is **GRANTED IN PART** and the motion for reconsideration [Doc. No. 304] is **GRANTED** pursuant to Judge Giblin's recommendation.

In accordance with Judge Giblin's recommendation, the Court will enter a separate final judgment in favor of the plaintiffs on their Lanham Act and RICO claims against the remaining defendants. The final judgment will assess damages as set forth below:

The Court **ORDERS** that Plaintiffs Terry Henderson, Debby Henderson, Alan H. Taylor, Becky Taylor, Stephen C. Guyer, and Guy R. Fisher shall jointly recover from Defendant Anna Cole, individually, $1,326,909.84 in damages for the Lanham Act violations, which consist of Antelope and Plaintiffs' lost profits that directly resulted from Defendant Anna Cole palming off Antelope's product as MCC's products and MCC profiting from that conduct through sales of Antelope's products, together with prejudgment interest on this sum at the rate of 4.48%, from September 3, 2004 through the date of judgment, compounded annually. 4.48% is the average monthly prime rate from the date the plaintiffs' Lanham Act claims and RICO claims accrued in September 3, 2004, through December 2018, the last monthly prime rate published as of the date of the final judgment in this case. The court agrees with the recommendation of Judge Giblin regarding the imposition of this rate average as set out in his report and recommendation. The court obtained the data regarding the monthly prime rates from Federal Reserve Economic Data ("FRED"), published on the Federal Reserve Bank of St. Louis's website and found at https://fred.stlouisfed.org/series/MPRIME (last checked January 17, 2019).

As for the damages award for the RICO claims, the court **ORDERS** that Plaintiffs Terry Henderson, Debby Henderson, Alan H. Taylor, Becky Taylor, Stephen C. Guyer, and Guy R. Fisher shall jointly recover from Defendants Anna Cole and the Estate of John Gary Newton, jointly and severally, a total of $6,000,000.00, (consisting of treble the $2,000,000.00 of actual damages Plaintiffs lost in U.S. military equipment orders because of Defendants' RICO violations) together with prejudgment interest on this amount at the rate of 4.48% compounded annually from September 2004 to the date of the final judgment in this case.

It is further **ORDERED** that all sums awarded shall accrue post-judgment interest calculated pursuant to 28 U.S.C. § 1961 from the date of the judgment, until the judgment is satisfied,[4] for all of which sums execution may issue if the judgment is not timely paid.

So **ORDERED** and **SIGNED February 8, 2019.**

_____
Ron Clark, Senior District Judge

---

4 Under current law, post-judgment interest is calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment. 28 U.S.C. § 1961. 2.58% is the applicable rate for the week ending January 18, 2019.
https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od,
https://www.federalreserve.gov/releases/h15/ (last checked February 4, 2019).